UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HOME DEPOT, U.S.A., INC.,

                              Plaintiff,                  **REPORT AND RECOMMENDATION**
                                                                                                      CV 98-6719 (TCP) (ARL)

      -against-

G & S INVESTORS/WILLOW PARK, L.P., A New
York Limited Partnership, MELICK-TULLY &
ASSOCIATES, INC., and JAMES SMITH
CONTRACTING, INC.,

                              Defendants.
-------------------------------------------------------------X
RELIASTAR LIFE INSURANCE COMPANY,

                              Plaintiff,                  CV 00-0676 (TCP) (ARL)

      -against-

HOME DEPOT, U.S.A., INC.,

                              Defendant,
-------------------------------------------------------------X
HOME DEPOT, U.S.A., INC.,

                              Third-Party Plaintiff,
      -against-

G & S INVESTORS/WILLOW PARK, L.P.,

                              Third-Party Defendant.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

     Before the court, on referral from District Judge Platt, is defendant G & S Investors/Willow Park, L.P.'s ("G & S") motion for leave to supplement its Answer to add a counterclaim pursuant to Federal Rule of Civil Procedure 13(e) and 15(d). Also before the court is plaintiff Home Depot U.S.A., Inc.'s ("Home Depot") conditional cross-motion for voluntary

dismissal with prejudice of its remaining claims against defendants G & S, Melick-Tully & Associates, Inc. ("Melick-Tully"), and James Smith Contracting, Inc. ("Smith Contracting") pursuant to Rule 41(a)(2) in the event G & S's motion to supplement its answer is denied. For the reasons set forth herein, the court recommends the motion of G & S be denied and the conditional cross-motion of Home Depot be granted.

## BACKGROUND

The factual background of this case is set forth in the district court's Memorandum and Order dated November 7, 2005 and the Second Circuit's decision dated June 29, 2009, with which familiarity is assumed. *See Home Depot U.S.A., Inc. v. G & S Investors/Willow Park, L.P.,* Nos. 98-CV-6719; 00-CV-0676 (TCP) (ARL), 2005 WL 3018701 (E.D.N.Y. Nov. 7, 2005); *ReliaStar Life Ins. Co. v. Home Depot U.S.A., Inc.,* 570 F.3d 513 (2d Cir. 2009) (per curiam). A brief recounting of the facts germane to this motion follows.

In February 1989, Home Depot entered into a lease with landlord G & S for premises located in Farmingdale, New York (the "lease agreement"). Pursuant to the terms of the lease, G & S provided an earthen building pad on the property upon which Home Depot constructed a store which opened in December 1990 (the "property"). In October 1993, G & S mortgaged the property and assigned its rights under the lease agreement to ReliaStar Life Insurance Company of New York ("ReliaStar") as security for a $13 million loan, evidenced by two Lease Obligation Notes (the "Notes")[1] and a mortgage. The mortgage on the property was guaranteed by an assignment of the lease agreement wherein G & S assigned "[a]ll rents, income, contract rights,

---

[1] The two Notes evidencing the loan were in the amounts of $10 million and $3 million. (*Mogul Decl.*, dated May 8, 2008, Exs. 4 and 5.)

leases and profits now due or which may hereafter become due under or by virtue of any lease" to ReliaStar, including the lease agreement with Home Depot. (*Mogul Decl*., dated May 8, 2008, Ex. 6.) In connection with that transaction, ReliaStar, Home Depot and G & S executed a Recognition Agreement by which the parties acknowledged the assignment of Home Depot's lease with G & S to ReliaStar, and Home Depot "unconditionally and absolutely" agreed to make the monthly rent payments described in the lease agreement directly to ReliaStar "without any reduction, set off, abatement or diminution whatever." (*Mogul Decl*., dated May 8, 2008, Ex. 7.) Home Depot's obligations under the agreement were to continue until such time that ReliaStar gave notice "that the Assignment had been released." (*Id*.) The agreement also contained a representation that Home Depot and G & S had satisfied the construction obligations and that G & S was not in default under the lease agreement.

In late 1995 or early 1996, Home Depot asserts it detected cracks in the store's walls and noticed that the building began to settle unevenly as a result of defects in the building pad beneath the store. After G & S refused to make the necessary repairs, Home Depot contends it was forced to make its own temporary repairs to comply with the applicable building code at a cost of approximately $750,000. When the uneven settling continued, Home Depot vacated the property upon the advice of its structural engineers. By letter dated August 13, 1999, Home Depot notified G & S that the defective building pad resulted in its constructive eviction from the property and the termination of its obligations under the lease agreement. Beginning by letter dated August 23, 1999 and continuing each month thereafter, G & S advised Home Depot it was in default under the lease and demanded the rent payments.

In October 1998, Home Depot commenced an action in the United States District Court

for the Eastern District of New York against G & S, Melick-Tully, and Smith Contracting seeking damages for negligent design and construction and a declaration that the lease was terminated (the "Home Depot action"). In September 1999, ReliaStar commenced an action in the United States District Court for the District of Minnesota against Home Depot seeking the rent payments due under the assignment of the lease agreement and the Recognition Agreement. Home Depot moved for a transfer of venue, and on January 13, 2000 the case was transferred to the Eastern District of New York and was consolidated with the Home Depot action. Home Depot filed an Amended Complaint in the Home Depot action in February 2000 asserting claims for breach of contract, negligent misrepresentation, constructive eviction, reimbursement for costs incurred for making the temporary repairs and attorney's fees. G & S filed an Answer to the Amended Complaint and asserted two counterclaims against Home Depot.

Following discovery[2], the parties filed cross-motions for summary judgment. On November 7, 2005, the district court, *inter alia*, (1) denied G & S's motion for summary judgment against Home Depot; (2) granted Home Depot's motion for partial summary judgment against G & S; and (3) granted ReliaStar's motion for summary judgment against Home Depot. In its Memorandum and Order, the district court held that with respect to ReliaStar's summary judgment motion for damages against Home Depot, the amount outstanding on the loan from ReliaStar to G & S would govern Home Depot's liability to ReliaStar. The parties, ReliaStar, Home Depot and G & S, reached a resolution with respect to the determination of the amount outstanding on the loan and executed a stipulation for the entry of a final judgment for the

---

[2]The parties submitted their proposed pretrial order on February 27, 2003 and the district court placed this case on its ready trial calendar on April 10, 2003.

amounts stated therein. On December 20, 2006, the district court entered final judgment in favor of ReliaStar in the amount of $10,138,955.97.[3] Home Depot appealed from the December 20, 2006 judgment to the United States Court of Appeals for the Second Circuit,[4] and the district court entered a stay of execution of the judgment pending the appeal.

On May 8, 2008, G & S filed the instant motion for leave to supplement its Answer to add a counterclaim against Home Depot that allegedly matured since G & S served its earlier pleading.

On June 29, 2009, the Second Circuit vacated the December 20, 2006 judgment of the district court and remanded the case to the district court for further proceedings. In doing so, the Court held that

> (1) New York's Uniform Commercial Code (U.C.C.) does not prohibit Home Depot from asserting constructive eviction as a defense to ReliaStar's claims arising from the lease; (2) if Home Depot was unaware of the faulty condition of the building pad when it executed the parties' Recognition Agreement and its lack of awareness was reasonable at the time, the estoppel certificate in the Recognition Agreement does not bar Home Depot's constructive eviction defense; and (3) if Home Depot was constructively evicted, the lease was terminated and Home Depot was relieved of its obligation to pay 'rents' under the "hell or high water' clauses of the parties' Recognition Agreement.

*ReliaStar Life Ins. Co. v. Home Depot U.S.A., Inc.,* 570 F.3d 513, 515 (2d Cir. 2009) (per curiam).

G & S now seeks the court's permission to file an amended and supplemental answer with an additional counterclaim against Home Depot for rent and other payments due under the

---

[3]The judgment represented the precise amount outstanding under the Notes and Recognition Agreement

[4]The only claims on appeal to the Second Circuit were those made by ReliaStar against Home Depot.

lease agreement in excess of the amount covered by ReliaStar's final judgment pursuant to Rules 13(e) and 15(d). Home Depot seeks the court's permission to conditionally dismiss with prejudice its remaining claims against the defendants pursuant to Rule 41(a)(2).

**DISCUSSION**

Under Federal Rule of Civil Procedure 13(e), the court "may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13(e). "Rule 13 must be read in conjunction with Rule 15 of the Federal Rules of Civil Procedure," which specifically refers to amended and supplemental pleadings, *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, No. 88 Civ. 3931, 1991 WL 10931, at *1 (E.D.N.Y. Jan. 24, 1991). Rule 15(d) provides in pertinent part that the court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see Ke v. 85 Fourth Ave. Inc.,* No. 07 Civ. 6897 (BSJ) (JCF), 2009 WL 185949, at *2 (S.D.N.Y. Jan. 22, 2009); *see also Unique Sports Generation, Inc. v. LGH-III, LLC*, No. 03 Civ. 8324 (JGK) (DF), 2005 WL 2414452, at *4 (S.D.N.Y. Sept. 30, 2005) ("[a] motion to supplement pleadings under Rule 15(d) is properly made when a party seeks to plead events which have happened since the date of the pleading sought to be supplemented . . . or "when the movant seeks to assert claims arising from the new events") (internal quotation marks and citations omitted). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Quarantino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995) (Rule 15 (d) "permits a party to move to serve a supplemental pleading and the district court may grant such a motion, in the exercise

of its discretion, upon reasonable notice and upon such terms as may be just"). "Read together, these rules provide a liberal standard for granting leave to amend under Rule 13(e)." *Nordco, A.S. v. Ledes*, No. 95 Civ. 7753, 1999 WL 1243883, at \*9 (S.D.N.Y. Dec. 21, 1999).

In the case at hand, G & S seeks to supplement its Answer to assert a claim for unpaid rent from Home Depot based upon the district court's entry of the December 20, 2006 final judgment in favor of ReliaStar for the outstanding amount of rent owed under the Notes and Recognition Agreement. Having granted ReliaStar, as security for the Notes, an absolute assignment of G & S's rights and remedies under the lease agreement, as well as any right to take legal action to enforce that rent obligation, G & S avers that it did not have a mature claim for rent or other payments against Home Depot prior to entry of the December 20, 2006 judgment. According to G & S, because the district court's judgment in favor of ReliaStar encompassed only a portion of the unpaid rents due under the agreement, specifically the amount outstanding on the loan from ReliaStar to G & S, once the lease assignment was satisfied, G & S's interest in the unpaid rents due in excess of the amount covered by the final judgment was revived. In light of the Second Circuit's decision dated June 29, 2009, however, it is clear that G & S's reliance on the December 20, 2006 judgment to assert a matured interest in the lease agreement is foreclosed by the vacatur of that judgment. *See ReliaStar Life Ins. Co.,* 570 F.3d at 520. That is to say, because G & S's motion to supplement its Answer to add a counterclaim is based solely upon an interest that allegedly matured as a result of the district court's entry of a final judgment in favor of ReliaStar, the Second Circuit's decision vacating the December 20, 2006 judgment removed the event that triggered the maturation of G & S's cause of action against Home Depot. Under these circumstances, the lease assignment and Recognition Agreement remain in full force

7

between Reliance and Home Depot, and G & S does not have a mature claim to assert against Home Depot. Accordingly, on this basis the court recommends that G & S's motion to supplement its Answer to assert a counterclaim be denied.

In any event, even assuming there had been no vacatur of the December 20, 2006 judgment, the undersigned finds that G & S's failure to move to supplement its Answer to add a counterclaim until eighteen months after the final judgment had been entered in favor of ReliaStar provides an independent basis to deny the motion. G & S has given no explanation for the delay and was well aware of the contours of its proposed counterclaim at the time the district court entered judgment in ReliaStar's favor. Allowing G & S to supplement its Answer at this late date, on the eve of trial, would both unduly delay resolution of this case (which was filed in 1998) and prejudice Home Depot. Accordingly, for these additional reasons the court recommends that G & S's motion to supplement its Answer to assert a counterclaim be denied.

Also before the court is Home Depot's conditional cross-motion for voluntary dismissal with prejudice of its remaining claims against defendants G & S, Melick-Tully, and Smith Contracting pursuant to Rule 41(a)(2). The relief sought by Home Depot's cross-motion is conditioned upon (i) the outcome of its appeal of the December 20, 2006 judgment in favor of ReliaStar to the Second Circuit; (ii) any potential outcome of an appeal by G & S to the Second Circuit; and (iii) the inclusion of a directive in the district court's Order that the dismissal of the claims shall not bar Home Depot from asserting constructive eviction as a defense against G & S and/or ReliaStar in the event a vacatur of a final judgment of the district court by the Second Circuit. Subsequent to making this cross-motion, the Second Circuit vacated the judgment of the district court in favor of ReliaStar and specifically held that neither the U.C.C. nor the

8

estoppel certificate barred Home Depot's assertion of constructive eviction as a defense. Thus, Home Depot's condition with respect to the outcome of its appeal of the December 20, 2006 judgment in favor of ReliaStar is moot.

Under Rule 41(a)(2), the court may grant a voluntary dismissal if prejudice will not result against the other party. *See Massengill v. Waltz*, No. 94 CIV. 3171, 3172 (DAB), 1996 WL 419907, at *2 (S.D.N.Y. July 26, 1996); *Securities and Exchange Com'n v. Lorin*, 869 F. Supp. 1117, 1119 (S.D.N.Y. 1994) ("[a] voluntary dismissal may, at the discretion of the trial court, be granted if prejudice will not result to the other party"). Defendants have not submitted opposition to this cross-motion. Because the dismissal will be with prejudice, there can be no adverse effect on the defendants here. *Id.; see also Securities and Exchange Com'n v. American Bd. of Trade, Inc.,* 750 F. Supp. 100, 105 (S.D.N.Y. 1990). Accordingly, the court recommends that Home Depot's conditional cross-motion be granted and Home Depot's remaining claims against defendants G & S, Melick-Tully, and Smith Contracting be dismissed with prejudice. The court further recommends that the district court include in its Order the condition that dismissal shall not bar Home Depot from asserting constructive eviction as a defense against G & S in the event of a vacatur of a final judgment of the district court. *Cf. Purdy v. Zeldes*, 337 F.3d 253, 257-58 (2d Cir. 2003).

## OBJECTIONS

A copy of this Report and Recommendation is being served by the Court on all parties. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,*

118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
April 15, 2011

                                                        _____/s/_____
                                                    ARLENE R. LINDSAY
                                                    United States Magistrate Judge