UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
HOME DEPOT, U.S.A., INC.

        Plaintiff,

     -against-

G & S INVESTORS/WILLOW PARK, L.P.,
a New York Limited Liability Partnership,
MELICK-TULLY & ASSOCIATES, INC. and
JAMES SMITH CONTRACTING, INC.,

        Defendants.
------------------------------------------------------X
RELIASTAR LIFE INSURANCE COMPANY,

        Plaintiff,

     -against-

HOME DEPOT, U.S.A., INC.

        Defendant.
------------------------------------------------------X
HOME DEPOT, U.S.A., INC.,

        Third-Party Plaintiff,

     -against-

G & S INVESTORS/WILLOW PARK, L.P.,

        Third-Party Defendant.
------------------------------------------------------X
PLATT, District Judge.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JUL 2 ʊ 2011 ★

LONG ISLAND OFFICE

**ORDER**

**98-CV-6719 (TCP)(ARL)**

**00-CV-676(TCP)(ARL)**

      Before the Court is Magistrate Judge Arlene R. Lindsay's Report and

Recommendation ("R & R") dated April 15, 2011 (DE 308) recommending that defendant G & S

Investors/Willow Park, L.P.'s (" G & S") motion for leave to supplement its answer to add a

counterclaim pursuant to Federal Rules of Civil Procedure 13(e) and 15(d) (DE 257) be denied. The R & R also recommends that plaintiff Home Depot U.S.A, Inc.'s conditional cross-motion for voluntary dismissal with prejudice of its remaining claims against defendants G & S, Melick-Tully & Associates, Inc. and James Smith Contracting, Inc. pursuant to Rule 41(a)(2) (DE 259) be granted.

Upon review of the R & R and the papers submitted in objection to and in favor of its adoption, the undersigned hereby adopts that part of the report recommending that G & S's motion be denied because it was based on this Court's grant of final judgment in favor of ReliaStar for the outstanding amount of rent owed under the Notes and Recognition Agreement. Subsequently, the Second Circuit Court of Appeals vacated that judgment. *ReliaStar Life Ins. Co. v. Home Depot U.S.A., Inc.*, 570 F.3d 513, 520 (2d Cir. 2009). As a result, G & S's basis for requesting leave to amend its answer is void. Its motion, therefore, is hereby **DENIED** without prejudice to renew after trial in this matter.

With regard to Home Depot's conditional cross-motion to dismiss its remaining claims, that motion is also **DENIED** without prejudice to renew because it was contingent on the outcome of G & S's motion.

In light of the fact that the Court denied Home Depot's motion for partial summary judgment by Minute Order dated February 18, 2011, a trial is this matter is imminent. The parties are directed to confer amongst themselves and submit the following: (1) a statement of issues to be tried; (2) the order in which the issues should be tried; and (3) a pretrial order in compliance with my Individual Rules. All the foregoing shall be submitted to Magistrate Judge Lindsay for

her review and certification that the case is trial ready.

**SO ORDERED.**

Dated: July 20, 2011
        Central Islip, New York

s/ Thomas C. Platt

Thomas C. Platt, U.S.D.J.
